The opinion of the court was delivered by
Watkins, J.
The plaintiff was the defendant in the suit entitled Philip Ryan vs. Mrs. Delhonde, in the First City Court of the City of New Orleans, in which demand was made for arrearages of rent, and her effects were provisionally 'seized. On the trial thereof, the writ was dissolved, but the judgment condemned the defendant to pay the sum of $15.60, and the cost of the main demand, and the plaintiff to pay the cost of the provisional seizure.
Soon after that judgment .was rendered the suit was brought for $2,500 damages remunerative and exemplary.
The items are as follows, viz:
1. Actual damages for attorneys’ fees,....... $25
2. Loss of time in attending court, and annoyance, etc., . 4.75
8. Exemplary or vindictive damages,.......2,000
$2,500
The case was tried by a jury, and there was a verdict and judgment for $225 in plaintiff’s favor, and the defendant has appealed.
An examination .of the statement of facts and the record of the suit in First City Court shows the latter was filed on the 12th of April, 1888, and demand was made for $82 as the balance of rent due, and a writ of provisional seizure was issued, and a constructive seizure was made of the tenant’s household effects, which were found in a house in a different neighborhood, to which she had removed on vacating the leased premises.
*34 On the first trial there was judgment in favor of the plaintiff for $13 only, but on the new trial the allowance was increased to $15.60. The two decrees are, in other respects, the same.
The plaintiff was a tenant of defendant’s premises, No. 363Tchoupi-toulas street, by the month, each month of tenancy ending on the fourth of the month. On April 5,1888, $13 rent was tendered by the plaintiff, and same was by the defendant refused, and his refusal was accompanied by a demand made on her to vacate the leased premises. She remained in possession until the 9th of April, and having made another ineffectual tender of $13, she removed from the premises, at the same time making a third tender of that sum, and returned the keys of the house which was accepted. At the time of this occurrence the rent was, and for months previous jt had been, $13 per month, and this the plaintiff paid promptly.
While under this state of facts a provisional seizure was unjustifiable in law, as the contract of lease had actually terminated before suit was brought, and the tenant had tendered all that was due thereunder, and had removed from the leased premises; yet she was due her former landlord something for the time she continued to occupy the house after the rent expired. In the judgment of the city court-there is an allowance, on that score, of $2.60. It is apparent that the plaintiff in that case had probable cause for a resort to the writ, as his claim was not wholly groundless. For it is easy to see how he and his counsel might have made a mistake in regard to the continuance of the lease by tacit reconduction resulting from the tenant’s continued occupancy. The effect of recognizing the applicability of' this principle is the disallowance of all the plaintiff’s demands except for actual damages incident to the provisional seizure of her furniture. Barrimore vs. McFeely, 32 An. 1182.
The principle has been definitely settled that an action can not be assimilated to, and treated as a malicious prosecution, and the plaintiff therein held liable for exemplary or punitory damages, unless it was-wholly groundless, i. e., without probable cause; for, though a plaintiff bear ill will, or malice, toward the defendant, a cause of action for’ such damages does not exist, if there were grounds for the suit. Coleman vs. Insurance Company, 36 An. 92; Roos vs. Goldman, 36 An. 133; Dearmond vs. St. Amant, 40 An. 374; 3 R. 17; 9 R. 387; 5 An. 714; 8 An. 12; 12 An. 332, 53; York vs. Chilton, 4 An. 377; *35 Kearney vs. Holmes, 6 An. 373; Accessory & Co. vs. McCerran, 13 An. 214; Talbert vs. Stone, 10 An. 537.
The decision of the judge of the city court is final and conclusive, as to the illegality of the issuance of the writ of provisional seizure. Cretin vs. Levy, 37 An. 183; Roos vs. Goldman, 36 An. 133.
The defendant in the rent suit is entitled to no damages except counsel fees incurred in relation to the dissolution of the writ of provisional seizure. Cretin vs. Levy, 37 An. 182; Accessory & Co. vs. McCerran, 13 An. 214; Barrimore vs. McFeely, 32 An. 1182.
The seizure of her furniture consisted merely in the appointment of a keeper, who was stationed at the door of the house or apartment which contained it. No part of it was removed therefrom. It was bonded and released almost immediately. No actual damages could have been suffered on that score, under the circumstances.
We think an allowance of $25 is a liberal compensation for attorneys’ fees in that suit, and to that amount judgment should be reduced.
It is, therefore, ordered and decreed, that the judgment appealed from be amended and reduced to $25, and as amended, same be affirmed, and the plaintiff and appellee taxed with cost of appeal.